[Cite as *State v. Flores*, 2018-Ohio-790.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS.  2017-A-0073**<br>**2017-A-0074** |
| LUIS ANAN FLORES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case Nos. 2016 CR 00071 and 2016 CR 00072.

Judgment:  Appeals dismissed.


*Nicholas A. Iarocci,* Ashtabula County Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH  44047-1092 (For Plaintiff-Appellee).

*Luis Anan Flores, pro se,* PID: A692-675, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH  44030 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}    This matter is before this court on the pro se October 16, 2017 motions for leave to file a delayed appeal, pursuant to App.R. 5(A), filed by appellant, Luis Anan Flores.  Appellant filed his notices of appeal in the trial court on the same date.  The appeals were consolidated by this court.

{¶2} Appellant appeals the trial court's entries of January 9, 2017, which sentenced him to serve a combined prison term of 6 years after he entered a plea of guilty to robbery, grand theft of firearm, and aggravated robbery.

{¶3} A timely notice of appeal from the January 9, 2017 entries was due no later than February 8, 2017, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by approximately 8 months.

{¶4} No brief or response in opposition to the motions has been filed.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"

{¶13} As reasons for failing to file timely appeals, appellant asserts in his motion that both the trial court and his trial counsel failed to advise him of his appellate rights under Crim.R. 32. Also, appellant indicates that the clerk did not serve him with a copy of the sentencing entries pursuant to Civ.R. 58(B).

{¶14} However, a review of appellant's October 25, 2016 signed "Written Plea of Guilty and Plea Agreement" indicates on page one: "[m]y attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgment of my sentence."

{¶15} Appellant's separate contention that he has not been served with a copy of the sentencing judgment, as required by Civ.R. 58(B), is flawed. Crim.R. 32(C) states, in pertinent part:

{¶16} "(C) Judgment. A judgment of conviction shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶17} Unlike Civ.R. 58(B), Crim.R. 32(C) does not require that a copy of the sentencing judgment be served.

{¶18} As Crim.R. 32(C) specifically prescribes that a judgment is effective when entered on the journal, we will not look to the rules of civil procedure for guidance. Crim.R. 57(B).

3

{¶19} The signed, written pleas of guilty reflect that appellant was clearly advised of his appellate rights. Also, appellant was present at sentencing. Thus, we find that appellant has failed to state a valid reason for filing his appeal beyond 30 days.

{¶20} Therefore, it is ordered that appellant's motions for leave to file a delayed appeal are hereby overruled.

{¶21} Appeals dismissed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶22} I respectfully dissent. As the majority points out, the written plea of guilty states that appellant's counsel explained to him his limited appellate rights having agreed to a plea deal. However, Crim.R. 32(B)(2) requires the trial court to inform a defendant of his or her appellate rights after imposing sentence. There is no mention of appellant's right to appeal in the judgment entry of sentence.

{¶23} Mr. Flores, a pro se litigant, has a constitutional right to appeal his conviction in a criminal proceeding. *See State v. Awkal,* 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012–Ohio–3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right"). An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to

4

statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A).

**{¶24}** In cases wherein someone is found guilty and sentenced in a criminal matter and there is no prejudice to the state in the delay, a motion for delayed appeal should be granted. I suggest that we should accept the delayed appeal from the January 9, 2017 sentencing entry, and review the record before this court. Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed. There is also no set deadline for a delayed appeal to be filed.

**{¶25}** Mr. Flores filed a request for a delayed appeal eight months after his sentencing. The majority is not inclined to grant his request because appellant did not provide this court with an adequate reason for missing the underlying deadline for filing his original appeal. However, the mechanical enforcement of a single appellate rule should not take precedence over enforcement of the law as a whole nor the Ohio legislature's intent to create an appeal as of right. The majority, in emphasizing form over function, is placing a barrier in front of appellant by its strict reading of the rule.

**{¶26}** The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002–Ohio-3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶28, quoting *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. *See, e.g., State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d

5

179, 2008–Ohio–850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. *See, e.g., Beck* at ¶29.

{¶27} The Staff Note to the 1994 Amendment to App.R. 5(A) also indicates that the rule is to be given a flexible, liberal interpretation. Prior to the amendment, defendants were required to set forth the errors claimed and evidence relating to the claimed errors. *Id.* The amendment merely retained the requirement that the would-be appellant set forth his or her reasons for the delay. *Id.* In explanation, the Staff Note provides in part:

{¶28} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶29} The intent of the General Assembly is that courts deal with criminal cases in the most cost effective manner complying with justice. Additionally, this court has an affirmative, constitutional and statutory duty to review the trial court for error. We are the constitutional quality control for the citizens of the state of Ohio. By denying delayed

6

appeals I submit we are not performing our duties to the best of our constitutional and statutory obligation.

{¶30} If App.R. 5(A) is to be given a flexible, liberal interpretation an appellant should be entitled to have his case heard on a delayed appeal when there is no prejudice to the state in the delay. Given that Mr. Flores entered a plea of guilty in this matter the issues he could raise on appeal would be limited. Surely it would be more cost effective for this court to consider any such alleged error, bring this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals or further filings by Mr. Flores with the trial court. Mr. Flores' only remedy at this point is to timely file an appeal with the Supreme Court of Ohio and ask them to appoint him counsel. The likely effect of this court's refusal to review the trial court's January 8, 2018 sentencing entry on the merits is the promulgation of numerous civil appeals at the taxpayer's expense.